UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAIKHAM SYHARATH,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03109-DGE<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

Petitioner Haikham Syharath filed a petition for writ of habeas corpus seeking release from confinement. (Dkt. No. 1.) Petitioner also moves for a temporary restraining order ("TRO") preventing his transfer to a detention facility outside of this District while these proceedings are pending. (Dkt. No. 2.)

The Petition and the Motion assert Petitioner, a native and citizen of Laos, entered the United States in 1991 as a refugee and was granted permanent resident status in connection with her refugee admission. (Dkt. No. 1 at 3.) In 1995, Petitioner was convicted of a marijuana offense and served a term of imprisonment from approximately 1996 until 2000. (*Id.*) Petitioner

was ordered removed from the United States, and her removal order became final in or around 2002. (*Id.*) Petitioner was not removed to Laos because Laos was not then accepting the return of its citizens. (*Id.*) Petitioner was instead released from immigration custody and has remained at liberty on supervision for the past 24 years. (*Id.*) On August 4, 2026, Petitioner was detained by ICE during a routine check-in. (*Id.* at 4.) On the evening of August 31, 2026, Petitioner was informed she would be deported to Laos today, September 1, 2026. (*Id.*) Petitioner asserts her arrest and detention were unlawful from the outset and seeks immediate release from custody.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court orders as follows:

1. Petitioner's motion for temporary restraining order (Dkt. No. 2) is provisionally GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.
2. Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.
3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents. Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a

stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for TRO.

6. This Order was entered at 8:54 a.m.

Dated this 1st day of September, 2026.

David G. Estudillo
United States District Judge