UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAIKHAM SYHARATH,<br>Petitioner,<br>v.<br>BRUCE SCOTT et al.,<br>Respondents. | CASE NO. 2:26-cv-03109-DGE<br><br>ORDER DENYING MOTION TO ENFORCE (DKT. NO. 27) |

Before the Court is Petitioner's motion to enforce the Court's October 2, 2026 order granting Petitioner's petition for writ of habeas corpus. (Dkt. No. 27.) In its order, the Court found there was no likelihood Petitioner would be removed to Laos in the near future because Respondents did not, to the best of the Court's knowledge, have a valid travel document. (Dkt. No. 24. at 5.) The Court ordered Petitioner released from custody because, based on the information available to the Court, Petitioner's travel document had expired and Respondents had not secured a new, valid travel document. (*Id.*) Petitioner was released on October 3, 2026. (Dkt. No. 26.)

The Court also issued its ruling partly on the understanding that an automatic stay of removal proceedings remained in effect as of the date of the order. (*See* Dkt. No. 19.) On September 25, 2026, unbeknownst to the Court, the immigration judge denied Petitioner's motion to reopen her removal proceedings, which terminated the automatic stay of removal. (Dkt. No. 32 at 3.) In addition, on October 7, 2026, Respondents secured a new travel document from the Government of Laos, dated September 25, 2026, which is valid for 90 days. (*Id.*) On October 13, 2026, Respondents were notified of a scheduled removal flight to Laos, and based on these changed circumstances, determined there was a significant likelihood of Petitioner's removal in the reasonably foreseeable future. (*Id.* at 4.) Respondents reasoned there was a clear legal basis to re-detain Petitioner, which they did at a scheduled check-in on October 14, 2026. (*Id.*)

The same day, Petitioner filed the instant motion to enforce the Court's order. (Dkt. No. 27.) The Court provisionally granted the order in part, and directed the parties to either agree on a briefing schedule or file response and reply briefs no later than October 19, 2026 and October 20, 2026, respectively. (Dkt. Nos. 29, 30.) On October 16, 2026, the parties submitted their briefs. (Dkt. Nos. 31, 34.)

Petitioner argues Respondents have not complied with the Court's order, which provides that Petitioner "SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge." (Dkt. No. 24 at 7.) Petitioner argues her re-detention at the October 14, 2026 check-in was done without meaningful pre-deprivation notice or an opportunity to be heard. (Dkt. No. 27 at 6.) Respondents argue Petitioner's re-detention complied with due process and the Court's order because changed circumstances, namely the lifting of the stay of

removal and the new travel document issued by the Laotian government, provided Respondents with a clear legal basis to re-detain Petitioner. (Dkt. No. 31 at 4–7.)

Had the Court been aware of the changed circumstances identified by the Respondents, it would have ruled differently on October 2, 2026. Based on Respondents' possession of a new, valid travel document and the absence of any stay preventing Petitioner's removal, the Court finds no basis upon which to grant Petitioner relief. Accordingly, Petitioner's motion to enforce (Dkt. No. 27) is DENIED.

Dated this 23rd day of October, 2026.

David G. Estudillo
United States District Judge